PUBLIC CONSTRUCTORS, INC., A CORPORATION OF THE STATE OF NEW YORK, PLAINTIFF-APPELLANT, v. NEW JERSEY EXPRESSWAY AUTHORITY, A BODY CORPORATE AND POLITIC OF THE STATE OF NEW JERSEY, AND C. J. LANGENFELDER & SON, INC., A CORPORATION OF THE STATE OF MARYLAND, DEFENDANTS-RESPONDENTS.

Argued December 14, 1964—Decided January 12, 1965.

*Mr. Thomas L. Morrissey* argued the cause for appellant (*Mr. Laurence Reich* and *Mr. Thomas E. Walsh, Jr.,* on the brief; *Messrs. Carpenter, Bennett & Morrissey,* attorneys).

*Mr. Alexander Feinberg* argued the cause for respondent New Jersey Expressway Authority.

*Mr. John Lloyd, Jr.* argued the cause for respondent C. J. Langenfelder & Son, Inc. (*Messrs. Lloyd, Horn, Megargee & Steedle,* attorneys).

The opinion of the court was delivered

PER CURIAM. Defendant C. J. Langenfelder & Son, Inc., as the lowest bidder, was awarded a contract by the New Jersey Expressway Authority, for construction work on a section of the Atlantic City Expressway. Plaintiff, claiming to be the lowest bidder, sought in this action to have the award to Langenfelder set aside and to have itself declared entitled to the contract. The trial court denied relief. We ·certified

plaintiff's ensuing appeal before it was argued in the Appellate Division.

All bidding was on a unit price basis and submitted on forms supplied by the Authority. The specifications in part provided:

"* * * The Bidder shall state in the form of proposal, in words and figures, the price per unit of measure for each scheduled item of work for which he will agree to carry out the work, and shall show, in figures only, the products of the respective estimated quantities and the unit prices bid therefor, and, in figures and words, the Total Price for the performance of the Project obtained by adding the amounts of the several items.

All words and figures shall be typewritten or written in ink. In case of a discrepancy between the prices written in words and those written in figures, the written words shall govern.

For the purpose of comparison of bids received, the Total Price, *as correctly determined* from the estimated quantities listed in the Proposal and the prices per unit of measure bid respectively therefor, will be considered to be the amount bid for the Project, and award will be made on the correct Total Price." (Emphasis added)

Obviously the purpose of the requirement for use of words and figures, with the controlling factor to be the words, was to provide a standard guide to be used in instances of discrepancy, ambiguity or conflict.

The proposal contained 138 items, with the total approximate quantities or units running into many thousands. One item representing 26 units provided the source of this litigation. It related to the bid per acre for stripping the top soil from an area of 26 acres. The proposal form and the manner in which Langenfelder's bid was expressed is as follows:

| "Item No. | Approximate Quantities | Item Description and Bid Price (Written in Words) | Unit Price | Amounts |
|---|---|---|---|---|
| 6 | 26 | Acre, Stripping at Sixty-five Hundred dollars per acre. | $250 | $6500" |

(Only the underlined words and figures were inserted by Langenfelder.)

Langenfelder's total bid for the 138 items expressed in words and figures in the proper place at the end of the Authority's form was $4,466,780.60. That total sum represented the lowest bid and was the basis on which the contract was awarded. In adding the various 138 individual items to ascertain the total bid, the $6,500 figure appearing in the "Amounts" column was used, that is 26 x $250 or $6,500, as distinguished from 26 x $6,500 or $169,000 (if the amount written in words in the column marked "Item Description and Bid Price (Written in Words)" had been used in the computation).

Plaintiff claims that since under the specifications the written words must govern, the bid for stripping the 26 acres must be considered as $169,000. That figure if used would make Langenfelder's bid higher than plaintiff's and therefore plaintiff contends the contract should have been awarded to it.

No one disputes that $250 reasonably represents the going rate per acre for stripping top soil. $6,500 per acre would be grotesquely exorbitant. On considering the matter, particularly the fact that in arriving at the full amount of the bid Langenfelder used the total sum of $6,500 for stripping the 26 acres, and not 26 x $6,500, the Authority concluded there was no discrepancy or ambiguity of any consequence, that the bidder's clear intention was to bid $250 per acre, and that there was no so-called "built-in" error.

Every reasonable bit of evidence in the record demonstrates beyond any doubt that the bid for the stripping work as intended to be made, as in fact made, and as utilized in the computation of the total bid for the construction work was $250 per acre for 26 acres. We agree with the trial court that plaintiff's attack on the award of the contract is without legal substance.

Judgment affirmed.

*For affirmance* — Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal*—None.