105 N.J. Super. 604 (1969)
253 A.2d 826
CARDELL, INC., A CORPORATION OF THE STATE OF NEW JERSEY AND J. RICHARD HUDANICH, PLAINTIFFS-APPELLANTS,
v.
THE TOWNSHIP OF MADISON, A MUNICIPAL CORPORATION IN THE COUNTY OF MIDDLESEX, STATE OF NEW JERSEY, AND MANZO CONTRACTING CO., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 28, 1969.
Decided May 1, 1969.
Before Judges GAULKIN, COLLESTER and LABRECQUE.
Mr. Stewart M. Hutt argued the cause for plaintiffs-appellants (Messrs. Hutt & Berkow, attorneys).
Mr. Marc J. Gordon and Mr. Mark L. Stanton argued the cause for respondents (Messrs. Stanton & Recht, attorneys).
PER CURIAM.
The judgment is affirmed for the reasons stated by Judge Seidman, 105 N.J. Super. 594.
LABRECQUE, J.A.D. (dissenting).
In this case I would hold that plaintiff Cardell was the lowest responsible bidder and should have been awarded the contract on the basis of $873,350, the corrected grand total of the individual items comprising its bid.
The specifications called for bids on seven different items of work. They contained the following provision:
"1.0.14 Comparison of Bids  For the purpose of comparison of bids received, the grand total stated in the Proposal will be considered to be the amount bid for the Project, with the exception that the total *605 of each item must equal the grand total. Should the grand total be unequal to the sum of the individual totals, it will be made equal to the sum of these totals. Should it be found that the total of any item is not equal to the product of the quantity and the unit price, the unit price will be assumed to be the total divided by the item quantity. After all Proposals have been read, the Township Engineer will tabulate the Bids and forward them to the Township Council for their consideration." (Emphasis added.)
Upon tabulating the bids, the Township Engineer discovered an error in the addition of the items in Cardell's bid. He thereupon applied the "comparison of bids" rule and reported that the sum of the total of each of the seven items on which Cardell had bid was $873,350. Notwithstanding this, the governing body awarded the contract to Manzo on its bid of $898,810. Both bidders were prequalified.
The purpose of bidding statutes is to secure competition and guard against favoritism, improvidence, extravagance and corruption. Hillside Twp. v. Sternin, 25 N.J. 317, 322 (1957). In general they are to be construed with sole reference to the public good. James Petrozello Co., Inc. v. Chatham Township, 75 N.J. Super. 173, 180 (App. Div. 1962). Here the "comparison of bids" provision was for the protection of the township, and Manzo and Cardell, by the submission of their bids, consented to be bound thereby. Thus Cardell, on submitting its bid, became obligated to perform the work for $873,350 if its bid which totaled that amount was accepted.
Wholly aside from Cardell's claimed right, as low bidder, to the contract, the municipal taxpayers, of which plaintiff Hudanich was one, were entitled to the benefit of the lower bid. The possibility, envisioned by the trial judge, that Cardell might have sought to be relieved of its low bid upon discovery of the discrepancies noted by the engineer, afforded no ground for its rejection. The same possibility may be present in cases where the grand total as submitted corresponds with the totals of the individual items. Further, here the major discrepancy was in item one where Cardell's bid was $10,000 for 10,000 cubic yards of excavation at $10 a cubic yard. The Township Engineer, applying the second *606 portion of the "comparison of bids" proviso, adjusted the unit price to $1 a cubic yard. This was identical with the unit price bid submitted by Manzo.
I would therefore reverse and remand for the entry of an appropriate judgment in favor of plaintiffs.