284 N.J. Super. 538 (1995)
665 A.2d 1136
COLONNELLI BROS., INC., A NEW JERSEY CORPORATION, PLAINTIFF-RESPONDENT,
v.
VILLAGE OF RIDGEFIELD PARK, A BODY CORPORATE AND POLITIC OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT, AND MONTANA CONSTRUCTION CO., DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued September 20, 1995.
Decided October 20, 1995.
*539 Before Judges SHEBELL, STERN and WALLACE.
Philip N. Boggia argued the cause for appellant Village of Ridgefield Park (Durkin & Boggia, attorneys; Philip N. Boggia and Martin T. Durkin on the brief and reply brief).
Thomas S. Cosma argued the cause for respondent (Connell, Foley & Geiser, attorneys; Mr. Cosma of counsel and on the brief).
The opinion of the court was delivered by STERN, J.A.D.
Defendant Village of Ridgefield Park appeals from a judgment of the Law Division entered on December 9, 1994 declaring plaintiff the low bidder and awarding a contract to it. We reverse.
The Village declared defendant Montana Construction Company the lowest responsible bidder on the contract for installation of a "storm drainage bypass system." Montana submitted a bid of $363,255.00. Plaintiff had also submitted a bid.
*540 The bidding contractors were instructed to submit bids for forty-one separate items of work. Each item was to contain a "unit price" and a "computed total." The "unit price" was to be expressed in both words and numbers. The unit price times the number of units which the municipality estimated as necessary to complete that item of work constituted the "computed total." (For example, as ten cubic yards of concrete were deemed necessary for item thirty-two, the "computed total" for that item was to be listed as ten times the amount bid for each cubic yard.)
One of the items was for "Maintenance of Traffic" during the construction. With respect to that item, the plaintiff's written bid was "one hundred dollars no cents" but the numerical amount was noted as $10,000.00. The $10,000 numeral figure was also used for the "computed total" for that item. Plaintiff's aggregate bid of $369,384.00, listed both "in words and figures," was based on the sum of "computed totals" for all items. Considering plaintiff's aggregate bid of $369,384.00, the municipality awarded the contract to Montana, the lowest responsible bidder at $363,255.00. However, on plaintiff's complaint in lieu of prerogative writ the trial court entered judgment for plaintiff and awarded the contract to it.
Paragraph 8 of the bid advertisement, entitled "Errors in Bid," provided that:
In the event there is a discrepancy between the unit prices and the extended totals, the unit prices shall prevail. In case there is an error in the summation of the extended totals, the extended totals shall govern and the computed summations by the Engineer shall be accepted as the bid amount.
In the event there is a discrepancy between the unit prices written in numbers and the item unit bid prices written in words shall govern.
The municipality argues that its decision to award the contract to Montana was not arbitrary or capricious. It asserts the right to refuse plaintiff's explanation and request to change its aggregate bid to be consistent with the $100 figure, notwithstanding the above-quoted paragraph 8 concerning errors in bids.
In a certification before the trial court, Stephen T. Boswell, the Township Engineer, stated that he "estimated" the component for *541 "Maintenance of Traffic" during construction would be about $5,000, and that the other bids received therefor ranged from $2,000 to $15,000. He concluded that a $100 bid was not a "responsible expenditure to cover this phase of the work."
The judge found the low bid for the item was irrelevant in an "unbalanced" bid because of the absence of fraud or collusion, and that under paragraph 8 of the bid specifications, plaintiff was the lowest responsible bidder. Judgment was accordingly entered for plaintiff, but the award was stayed pending this appeal.
"[B]idding statutes are for the benefit of the taxpayers and are construed as nearly as possible with sole reference to the public good.... There is a prima facie presumption that the power and discretion of governmental action has been properly exercised." Miller v. Passaic Valley Water Comm'n, 259 N.J. Super. 1, 14, 611 A.2d 128 (App.Div.), certif. denied, 130 N.J. 601, 617 A.2d 1222 (1992) (citations omitted). For that reason, "[t]he trial court may not in the exercise of its judicial function substitute its judgment for that of the governmental body being challenged." Id. at 15, 611 A.2d 128. We conclude that the trial judge improperly interfered with the Village Board of Commissioner's appropriate exercise of discretion in awarding the contract to Montana, and therefore reverse the judgment of the Law Division.
In Carney, Inc. v. City of Trenton, 235 N.J. Super. 372, 374, 562 A.2d 807 (App.Div. 1988), we addressed whether a local contracting unit can waive a condition of the bid proposal which provides that the bid price in written terms shall prevail over the bid price expressed numerically. The low bidder, Fitzpatrick & Associates, submitted a bid for construction on a water works project in written terms of $4,000,995 and in numerical figures of $4,995,000. Id. at 375, 562 A.2d 807. Fitzpatrick's bid, even at the high number, was lower than the next closest bid which was filed by the plaintiff. Ibid. We concluded that the city "did not abuse its discretion in waiving the condition that the written bid price would supersede the numerical bid price" where no harm would come to the city or its taxpayers, it was obvious that a *542 simple error was made, and the Water Works Superintendent and the Project Architect believed that the project could not be constructed for the written bid price. Id. at 381, 562 A.2d 807. See also Public Constructors, Inc. v. New Jersey Expressway Authority, 43 N.J. 545, 548, 206 A.2d 350 (1965) (holding that the comparison-of-bids specification could be disregarded by the awarding entity where the error was "grotesquely exorbitant"). Compare Cardell, Inc. v. Township of Madison, 105 N.J. Super. 594, 596-97, 253 A.2d 820 (Law Div.), aff'd o.b., 105 N.J. Super. 604, 605, 253 A.2d 826 (App.Div.) (Labreque, J.A.D. dissenting), rev'd on dissent, 54 N.J. 151, 253 A.2d 814 (1969) (errors with respect to two unit prices, similarly stated in both words and numbers, corrected to conform with the respective computed total for that item, and total bid reduced, where the sum of the computed totals did not equal the "total bid price for all items.") Here, unlike in Cardell, the "computed total" was consistent with the "unit price" expressed in figures and the sum of the "computed totals" equalled the total bid price.
The record adequately supports the Village's decision to treat the sum of plaintiff's "computed totals," $369,384.00 expressed both in writing and numbers, as plaintiff's aggregate bid. This amount was higher than Montana's total bid. If we accept plaintiff's endeavor to select the correct "unit price" for the "maintenance of traffic" item, amend the "computed total" therefor to $100.00 and amend the sum of the computed totals to $359,484.00, then the taxpayers would pay less if the bid is awarded to plaintiff. We also acknowledge that in Carney the waiver of the requirement that the written bid would control affected only the total bid and did not change the lowest responsible bidder. Nevertheless, consistent with Carney, the Village could in these circumstances disregard the comparison-of-bids formula in paragraph 8, and conclude that Montana was the lowest responsible bidder.
We agree with the Village that there would be room for manipulation and fraud if, after the bids were rendered, a bidder could clarify its bid or express which figure it intended to use, *543 depending on the other bids presented. See Meadowbrook Carting Co. v. Borough of Island Heights, 138 N.J. 307, 313-15, 650 A.2d 748 (1994); Hillside Twp. v. Sternin, 25 N.J. 317, 322-23, 136 A.2d 265 (1957); Statewide Hi-Way v. Dep't of Transportation, 283 N.J. Super. 223, 661 A.2d 826 (App.Div. 1995). As the Township Engineer certified before the Law Division:
If a contractor was allowed to revise his bid where a lump sum bid was called for, it would lead to a situation where a person could submit two prices for a lump sum item and they would have a built-in float in their bid, depending on which price was used. This could lead to irresponsible prices being submitted for the same item, which would favor bidders who failed to follow a careful analysis in preparing their bids. It would lead to a situation which would undermine the policy of the Local Public Contracts Law, i.e. the most responsible bidder at the lowest price.
The judgment of the Law Division is reversed.